IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

SUSAN STOCKTON,                         §
                                        §
        Plaintiff,                      §
                                        §
V.                                      § CIVIL ACTION NO. 1:15-cv-333
                                        §          (JURY)
CHRISTUS HEALTH SOUTHEAST               §
TEXAS D/B/A CHRISTUS HOSPITAL           §
ST. ELIZABETH,                          §
                                        §
        Defendant.                      §

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Mark Siurek
TBA# 18447900
Federal ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Federal ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com

## TABLE OF CONTENTS

DESCRIPTION                                                        PAGE

ISSUES PRESENTED.......................................... 1

    Stockton was a Qualified Individual with a
    Disability........................................... 2

    Stockton was Subjected to Adverse Employment Decisions
    Decisions Because of Her Disability.................. 4

    1. Stockton's OB/GYN Position........................ 4

    2. Case Management Positions......................... 4

    3. The Outpatient Pavillion......................... 5

CONCLUSION................................................ 7

## BIBLIOGRAPHY

DECRIPTION                                                        PAGE

Burress v. City of Franklin, 809 F. Supp. 2d 795
(M.D. Tenn. 2011)........................................ 3

Cehrs v. Ne. Ohio Alzheimer's Research Center,
155 F.3d 775 (6th Cir. 1998)............................. 3

E.E.O.C. v. Chemtech, 1995 U.S. Dist. LEXIS 21878 at *4
(S.D. Tex. July 21, 1995)................................ 3

Loulseged v. Akzo Nobel, Inc., 178 F.3d 731 (5th Cir. 1999). 3

Smith v. Diffee Ford-Lincoln-Mercury, Inc.,
298 F.3d 955(10th Cir. 2002)............................. 3

Villalon v. Del Mar College Dist., 2010 U.S. Dist.
LEXIS 82766 at *23 (S.D. Tex. August 13, 2010)........... 3

Wilkerson v. Boomerang Tube, LLC, 2014 U.S. Dist.
LEXIS 146695 (E.D. Tex. October 15, 2014)................ 4

-i-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SUSAN STOCKTON, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:15-cv-333 |
| | § | (JURY) |
| CHRISTUS HEALTH SOUTHEAST | § | |
| TEXAS D/B/A CHRISTUS HOSPITAL | § | |
| ST. ELIZABETH, | § | |
| | § | |
|     Defendant. | § | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE JUDGE MARCIA CRONE:

Plaintiff Susan Stockton ("Stockton") timely files this Reply to Defendant's Response to Plaintiff's Motion for Partial Summary Judgment as follows:

### ISSUES PRESENTED

1.   Currently pending before the Court are Stockton's Motion for Partial Summary Judgment ("Stockton's Motion") and Defendant's Motion for Summary Judgment, as well as the responses and replies thereto.[1]  Essentially, the issues before the Court include (i) whether Stockton was a qualified individual with a disability and (ii) whether Stockton was discriminated against on account of her disability.  As is evident from a review of the summary judgment record, Stockton has produced ample evidence to establish each element of her claims entitling Stockton to summary judgment.

---

[1]     Stockton hereby incorporates her Response to Defendant's Motion for Summary Judgment as if fully set forth herein.

<u>Stockton was a Qualified Individual with a Disability</u>

2.   The primary issue here is whether Stockton could have performed the essential functions of her job with or without reasonable accommodations.   <u>Wilkerson v. Boomerang Tube, LLC</u>, 2014 U.S. Dist. LEXIS 146695 (E.D. Tex. October 15, 2014).   Defendant Christus Health Southeast Texas dba Christus Hospital St. Elizabeth (the "Hospital") argues that Stockton's "permanent" restrictions imposed by the IME prevented Stockton from performing an essential function of bedside nursing.   Consequently, the Hospital asserts that the only reasonable accommodation under the circumstances was to help Stockton apply for positions that would have accommodated her restrictions.

3.   The fundamental flaw in the Hospital's argument is that Stockton's restrictions were temporary and not permanent.   Had the Hospital engaged in an interactive process with Stockton, the Hospital could have more properly focused on the availability of temporary accommodations that would allow Stockton to return to work without restrictions.

4.   For example, Stockton would have obtained an MRI and been released from her restrictions immediately had she known that the Hospital would accept her physician's release rather than a formal appeal of the IME.   Alternatively, had the Hospital elected to rely on the IME, it could have provided Stockton with a copy of the Plan thereby accelerating her appeal and subsequent resolution.

5.    In  any  event,  a  simple  dialogue,  or  exchange  of
information, between Stockton and the Hospital would have resulted
in a temporary accommodation for Stockton's temporary restrictions.
Specifically, a brief, limited extension of her light duty position
or leave of absence is all that Stockton needed to return to work
without restrictions.

6.    A limited extension of a medical leave or light duty can
be a reasonable accommodation.  Villalon v. Del Mar College Dist.,
2010 U.S. Dist. LEXIS 82766 at *23 (S.D. Tex. August 13, 2010);
E.E.O.C. v. Chemtech, 1995 U.S. Dist. LEXIS 21878 at *4 (S.D. Tex.
July 21, 1995); Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298
F.3d 955, 967 (10th Cir. 2002); Cehrs v. Ne. Ohio Alzheimer's
Research Center, 155 F.3d 775, 783 (6th Cir. 1998).

7.    Accordingly, had the Hospital engaged in an interactive
process with Stockton, a reasonable accommodation could have been
made that would have allowed Stockton to return to work and perform
all essential functions of her position.  As such, Stockton is a
qualified individual with a disability.  See Burress v. City of
Franklin, 809 F. Supp. 2d 795, 812 (M.D. Tenn. 2011).

8.   Where, as here, an employer's unwillingness to engage in
a good faith interactive process leads to a failure to reasonably
accommodate an employee, the employer violates the ADA.  Loulseged
v. Akzo Nobel, Inc., 178 F.3d 731, 736 (5th Cir. 1999).  Because it
is undisputed that the Hospital failed to engage in an interactive

process with Stockton, she has established her entitlement to summary judgment.

Stockton Was Subjected to Adverse Employment
Decisions Because of Her Disability

9.   The Hospital argues that Stockton cannot establish that she was subjected to adverse employment decisions because of her disability.   This contention is unsustainable for a number of reasons.

1. Stockton's OB/GYN Position

10.   The Hospital admits that Stockton lost her job in October, 2014 on account of her disability but argues that Stockton's claim must nevertheless fail because she was not a qualified individual at the time.   Contrary to the Hospital's assertions, and for the reasons set forth above, Stockton could have performed the essential functions of her job with a reasonable accommodation.   As a result, Stockton was a qualified individual and her termination in October violated the ADA.[2]

2. Case Management Positions

11.   Three (3) of the seven (7) positions that Stockton applied for were in the case management department under the direction of Gini Crawford ("Crawford").   Although Crawford had several positions open for which Stockton was qualified, none were offered to Stockton.   Crawford contends that Stockton was not offered a

---

2      See also the administrative finding by the Texas Workforce Commission that Stockton was terminated because of her medically verifiable illness.   See Exhibit "D-17" attached to Stockton's Motion, Doc #20-4, p. 24.

position because she preferred someone with a variety of experience who had worked in the Hospital in various roles with different physicians and staff.   The problem is that Stockton fits this description precisely.

12.  At the time of her interview, Stockton had been employed with the Hospital in a variety of roles including, the cardiovascular intensive care unit, the post anesthesia care unit, the interventional radiology unit, and the OB/GYN unit.  See Exhibit "A," pp. 39-41, attached to Stockton's Motion, Doc #21-1.  In other words, Stockton worked in various units with different physicians and staff.

13.  A more plausible explanation for Crawford's decision is her expressed concern about Stockton's "physical limitations."  Given that Crawford's proffered explanation for her rejection of Stockton is contradicted by the evidence, and in light of her expressed concern regarding Stockton's disability, a discriminatory basis for Crawford's adverse employment decision can be reasonably inferred.

### 3. The Outpatient Pavillion

14.  Stockton also applied for a position in the Outpatient Pavilion ("OPP") which was under the direction of Stockton's former manager Brenda Munoz.[3]  According to its website, the OPP provides

---

3    Munoz was Stockton's manager at the time of her injury and related leave of absence.  See Exhibit "A," pp. 62-63, attached to Stockton's Motion, Doc #20-1.

outpatient surgery and imaging services.  The Hospital argues that Stockton's OB/GYN experience was too specialized for Stockton to qualify for this position.

15.   To the contrary, Stockton was highly qualified to work in perioperative settings.  Stockton worked with all types of surgical patients in the post anesthesia care unit for a number of years before transferring to the OB/GYN area.  In fact, Stockton earned an advanced certification in post anesthesia care from the Association of Perioperative Nurses.

16.   As part of the OB/GYN unit, Stockton worked in pre-op, surgery, post anesthesia care, and the step down area where patients are discharged.  Stockton routinely reviewed lab results, started IVs, started antibiotics and prepared the patient for surgery which are required tasks for every surgical procedure.

17.   Stockton's advanced certification and significant experience in perioperative nursing, made her extremely qualified to work in the OPP contrary to the Hospital's assertions. Nevertheless, her application was rejected for someone allegedly more qualified.

18.   To sum up briefly, Stockton was subjected to a number of adverse employment decisions on account of her disability, including the loss of her position in October, 2014, which the Hospital admits was because of her disability.  In addition, Stockton was rejected for three (3) case management positions for which she was well

suited by a manager who was "concerned" about Stockton's disability. Finally, Stockton was rejected by the outpatient surgery department even though she had advanced certification and years of experience in perioperative nursing.

19.  Accordingly, there is ample evidence that Stockton was subjected to adverse employment decisions on account of her disability.

<u>CONCLUSION</u>

20.  Stockton has produced ample evidence to support her claim of discrimination under the ADA, including the Hospital's failure to engage in an interactive process or to provide a reasonable accommodation.  Accordingly, Stockton respectfully requests that the Court grant her Motion for Partial Summary Judgment.

Respectfully submitted,

/S/ Mark Siurek
Mark Siurek
TBA# 18447900
Federal ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Federal ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com


<u>CERTIFICATE OF DELIVERY</u>

     I hereby certify that, in addition to service automatically
accomplished through the Notice of Electronic Filing, a true and
correct copy of the foregoing Plaintiff's Reply to Defendant's
Response to Plaintiff's Motion for Partial Summary Judgment was sent
to the following by fax and/or by email on November 16, 2016, properly
addressed as follows:


A. Kevin Troutman (ktroutman@laborlawyers.com)
Mauro Ramirez (mramirez@laborlawyers.com)
Fisher & Phillips L.L.P.
333 Clay, Suite 4000
Houston, Texas  77002
713-292-0151 (fax)



                         /S/ Mark Siurek
                         Mark Siurek